UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FREDERICK BANKS, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | C.A. No. 16-10966-ADB |
| | * | |
| JUDGE MARK HORNAK, et al., | * | |
| | * | |
| Respondents. | * | |

ORDER

BURROUGHS, D.J.

For the reasons set forth below, the Court dismisses this action.

On May 24, 2016, Frederick Banks filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in which he seeks immediate release. Banks is a federal pretrial detainee, *see United States v. Banks*, Crim. No. 15-00168 (W.D. Pa.) (Hornek, J.), who is currently confined at FCI Butner in Butner, North Carolina.[1] He claims that Judge Mark R. Hornak, who is presiding over the pending prosecution against Banks, ordered that he undergo a competency evaluation at a federal prison even though Judge Hornak had reason to know that the petitioner is competent. The petition has not been served pending the Court's preliminary review of the document. *See* 28 U.S.C. § 2243 (providing that if "it appears from the [habeas petition] that the . . . person detained is not entitled" to a writ of habeas corpus, the court does not have to require the respondent to the petition).

---

[1] The plaintiff provides as his address the "Inmate Locator" of the Federal Bureau of Prisons ("BOP") and the address of the agency's headquarters in Washington, D.C. The "Find an Inmate" service on the BOP's web site, *see* https://www.bop.gov/inmateloc (last visited June 7, 2016), indicates that Banks is currently confined at FCI Butner.

The Court must dismiss the petition for lack of jurisdiction. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Unless a statute explicitly states otherwise, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443. Here, the petitioner challenges his present physical confinement in the Eastern District of North Carolina. Because Banks is not confined within the District of Massachusetts, the Court is without jurisdiction over the present petition.

The Court, could, in its discretion, transfer this action to the Federal District Court for the Eastern District of North Carolina. *See* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice*, transfer such action . . . ." (emphasis added)). However, habeas corpus is an extraordinary remedy that is generally available only in the absence of any other remedy. *See Stack v. Boyle*, 342 U.S. 1, 6 (1951). Because Banks can raise his objections to the competency evaluation in his criminal proceeding (in which he is represented by appointed counsel), it is not in the interest of justice to transfer this action.

Accordingly, this action is DISMISSED for lack of jurisdiction.

**SO ORDERED.**

June 8, 2016                               /s/ Allison D. Burroughs
                                           ALLISON D. BURROUGHS
                                           UNITED STATES DISTRICT JUDGE